1    **WO**                                                                          BL

2

3

4

5

6                       **IN THE UNITED STATES DISTRICT COURT**

7                           **FOR THE DISTRICT OF ARIZONA**

8    Samih Fadl Jamal,                    )      No. CV 06-0130-PHX-MHM (VAM)
                                          )
9              Plaintiff,                 )      **ORDER**
                                          )
10   vs.                                  )
                                          )
11   Joseph M. Arpaio, et al.,            )
                                          )
12             Defendants.                )
     _____)

13
         Plaintiff Samih Fadl Jamal, currently confined in the Central Arizona Detention
14
     Center in Florence, Arizona, has filed a *pro se* Amended Complaint pursuant to 42 U.S.C.
15
     § 1983.[1]  This action is one of more than one thousand lawsuits filed in this district since
16
     September 2004 alleging that the overcrowded conditions in the Maricopa County jail system
17
     have resulted in a variety of constitutional violations.  Because Plaintiff paid the requisite
18
     filing fees, his Application to Proceed *In Forma Pauperis* (Doc. #1) will be denied as moot.
19
     In addition, the Court will order that the action be served upon Defendants Arpaio, Clifton,
20
     Tackett, Miller, Hutchingo, Duch, and Wilder.
21
     **I. Motion to Amend**
22
         Plaintiff filed a motion to amend his complaint, attaching an Amended Complaint
23
     (Doc. #4).  "A party may amend the party's pleading once as a matter of course at any time
24
     before a responsive pleading is served."  Fed.R.Civ.P. 15(a).  Because no responsive
25

26   _____

27       [1] Many inmates apparently believe that they will receive an immediate payout from a fund
     established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The
28   inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time
     expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

pleading has been served, Plaintiff may file his Amended Complaint without leave from the Court. Accordingly, his Motion to Amend will be denied as unnecessary, and his lodged Amended Complaint will be filed as such.

In his motion, Plaintiff asserts that his initial complaint contained errors and he sought to correct the errors, and add additional claims and defendants (Doc. #4). Plaintiff was informed that the Amended Complaint would supersede the original Complaint (Doc. #6). Plaintiff was further notified that by filing the Amended Complaint and failing to reassert nine of his original claims, those claims were deemed waived (Id.). Plaintiff was provided an opportunity to file a Second Amended Complaint, which he failed to do (Id.). Thus, Plaintiff's Amended Complaint will be screened.

**II.  Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

**III.  Amended Complaint**

Plaintiff names the following 14 Defendants: (1) Joseph M. Arpaio, Sheriff of Maricopa County, (2) Capt. S. Clifton, jail commander, (3) Officer Tackett, (4) Officer Miller, (5) Sgt. Hutchingo, (6) Sgt. Duch, (7) Lt. Wilder, and (8) various John Does and Jane Roes with the following badge numbers: A3967, 44, A3689, A2262, 976, 6616, and 2179. Plaintiff argues that his constitutional rights were violated by (1) the denial of his First Amendment right to freedom of religion because he was not allowed to practice his religion and had to listen to Christian music on the television; (2) retaliation, (3) inadequate outside recreational activities; (4) the serving of old, moldy, and expired food, (5) deliberate indifference to his medical needs, (6) denial of access to the courts and opening legal mail outside his presence, (7) the refusal to provide him grievance forms, (8) placing the pod on

1   72-hour restriction, (9) improper inmate classification, (10) lack of privacy in the showers

2   and toilets, and (11) overcrowding resulting in unhealthy, unsafe, and unsanitary conditions.[2]

3   Plaintiff seeks monetary and other relief.

4   **IV.  Failure to State a Claim.**

5       To state a valid constitutional claim, a plaintiff must allege that he suffered specific

6   injury as a result of the specific conduct of a defendant, and show an affirmative link between

7   the injury and the conduct of the defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377

8   (1976).  For a person to be liable in his official capacity, Plaintiff must allege that he acted

9   as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d

10  1186, 1188 (9th Cir. 2001).  A supervisor, in his individual capacity, "is only liable for

11  constitutional violations of his subordinates if the supervisor participated in or directed the

12  violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880

13  F.2d 1040, 1045 (9th Cir. 1989).  "A plaintiff must allege facts, not simply conclusions, that

14  show that an individual was personally involved in the deprivation of his civil rights."

15  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

16      **A.  Deliberate Indifference to Medical Needs**

17      Plaintiff alleges that his constitutional rights were violated due to deliberate

18  indifference to his medical needs because he was not provided medication, his medical file,

19  or an MRI test.  "[D]eliberate indifference to serious medical needs of prisoners constitutes

20  the 'unnecessary and wanton infliction of pain.'"  Estelle v. Gamble, 429 U.S. 97, 104-05

21  (1976).  "To demonstrate that a prison official was deliberately indifferent to an inmate's

22  serious . . . health needs, the prisoner must show that 'the official [knew] of and disregard[ed]

23  an excessive risk to inmate health.'"  Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004)

24  (citing to Farmer v. Brennan, 511 U.S. 825, 838 (1994)).

25      Plaintiff fails to sufficiently allege that he suffered from a serious medical need which

26  was disregarded.  Accordingly this claim will be dismissed without prejudice.

27

28

---

[2] Plaintiff did not consecutively number his counts.  However, this Court will do so.

**B.  Denial of Access to the Courts**

Plaintiff alleges that he was denied access to the courts and his legal mail was opened. The right of meaningful access to the courts prohibits state officials from actively interfering with inmates' attempts to prepare or file legal documents.  <u>Lewis v. Casey</u>, 518 U.S. 343, 350 (1996).  As a matter of standing, for an access to courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation; the plaintiff must demonstrate that the conduct of the defendants prevented him from bringing to court a nonfrivolous claim that he wished to present.  <u>Id.</u> at 351-53.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim."  <u>Id.</u> at 348.  Moreover, as a pretrial detainee, his right of access to the courts for his criminal prosecution is guaranteed by the State's offer of a criminal defense attorney.  <u>See</u> <u>United States v. Wilson</u>, 690 F.2d 1267, 1271-72 (9th Cir. 1982) (providing that "[t]he offer of court-appointed counsel to represent [Defendant] satisfied the Fifth Amendment obligation to provide meaningful access to the courts.").

Plaintiff fails to sufficiently allege that he was denied access to the courts because he did not suffer an actual injury.  Finally, Plaintiff has not identified a policy, practice, or custom regarding the opening of legal mail, or identified the person who allegedly opened his legal mail.  Plaintiff's mere statement that he holds Clifton and Arpaio responsible for this alleged violation is insufficient  Accordingly, these claims will be dismissed without prejudice.

**C.  Grievance Forms**

Plaintiff alleges that his constitutional rights were violated because he was not provided grievance forms.  However, an inmate has no free-standing constitutional right to a grievance process.  <u>See</u> <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988) (providing that a prisoner does not have a protected liberty interest in prison grievance procedures).  Accordingly, this claim will be dismissed without prejudice.

**V.  Claims For Which An Answer Will be Required.**

At this early stage, Plaintiff sufficient alleges that his constitutional rights were

1   violated by (1) denial of his right to freedom of religion, (2) retaliation, (3) denial of outside

2   recreational activities, (4) inadequate and tainted diet, (5) placing the pod on 72-hour

3   restriction, (6) improper inmate classification, and (7) overcrowding.  Defendants Arpaio,

4   Clifton, Tackett, Miller, Hutchingo, Duch, and Wilder will be ordered to answer these claims.

5          Plaintiff named as a defendant various unknown "John Does" and "Jane Roes."

6   Generally, the use of anonymous type appellations to identify defendants is not favored.

7   Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names

8   of the parties in the action.  As a practical matter, it is impossible in most instances for the

9   United States Marshal or his designee to serve a summons and complaint or amended

10  complaint upon an anonymous defendant.   Although he identifies the badge numbers of the

11  unknown officers, that identification alone does not provide enough information to allow

12  service.

13         The Ninth Circuit has held that where identity is unknown prior to the filing of a

14  complaint, the plaintiff should be given an opportunity through discovery to identify the

15  unknown defendants, unless it is clear that discovery would not uncover the identities, or that

16  the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d

17  1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

18         Accordingly, Plaintiff's various unidentified officers will be dismissed without

19  prejudice.  Plaintiff may use the discovery processes to obtain the names of the persons

20  whom he believes violated his constitutional rights.  If Plaintiff discovers the true identity

21  of these fictitious parties through the discovery process, or otherwise, he may seek leave of

22  the Court to amend his complaint to name the individual in place of John Doe or Jane Roe.

23  **VI.  Warnings**

24         **A.  Address Changes**

25         Plaintiff must file and serve a notice of a change of address 10 days before the move

26  is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other

27  relief with a notice of change of address.  Failure to comply may result in dismissal.

28

**B.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court may strike any filing that fails to comply with these requirements.

**C.  Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint is **denied** as moot.

(2) Plaintiff's Motion to Amend (Doc. #4) is **denied** as unnecessary.  The Clerk of Court must file the Amended Complaint lodged with the motion as an Amended Complaint.

(3) Defendants Arpaio, Clifton, Tackett, Miller, Hutchingo, Duch, and Wilder must answer Plaintiff's claims that his constitutional rights were violated by denial of his right to freedom of religion, retaliation, denial of outside recreational activities, inadequate and tainted diet, placing the pod on 72-hour restriction, improper inmate classification in retaliation, and overcrowding.

(4) Plaintiff's claims that his constitutional rights were violated by deliberate indifference to his medical needs, denial of access to the courts, refusal to provide him grievance forms, and lack of privacy in the showers and toilets, and the remaining Defendants are **dismissed** without prejudice.

(5) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc.#4), this Order, and both summons and request for waiver forms for Defendants Arpaio, Clifton, Tackett, Miller, Hutchingo, Duch, and Wilder.

1   (6) Plaintiff must complete and return the service packet to the Clerk of Court within

2   20 days of the date of filing of this Order.  The United States Marshal will not provide

3   service of process if Plaintiff fails to comply with this Order.

4   (7) If Plaintiff does not either obtain a waiver of service of the summons or complete

5   service of the Summons and Amended Complaint on a Defendant within 120 days of the

6   filing of the Amended Complaint or within 60 days of the filing of this Order, whichever is

7   later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of

8   the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

9   (8)  The United States Marshal must retain the Summons, a copy of the Amended

10  Complaint, and a copy of this Order for future use.

11  (9) The United States Marshal must notify Defendants of the commencement of this

12  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

13  Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The

14  Marshal must immediately file requests for waivers that were returned as undeliverable and

15  waivers of service of the summons. If a waiver of service of summons is not returned by a

16  Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

17  Marshal must:

18  (a)  Personally serve copies of the Summons, Amended Complaint, and this

19  Order upon  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

20  Procedure;

21  (b)  Within 10 days after personal service is effected, file the return of service

22  for Defendant, along with evidence of the attempt to secure a waiver of service of the

23  summons and of the costs subsequently incurred in effecting service upon Defendant.

24  The costs of service must be enumerated on the return of service form (USM-285) and

25  must include the costs incurred by the Marshal for photocopying additional copies of

26  the Summons, Amended Complaint, or this Order and for preparing new process

27  receipt and return forms (USM-285), if required. Costs of service will be taxed against

28  the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules

1   of Civil Procedure, unless otherwise ordered by the Court.

2   (10)  **A Defendant who agrees to waive service of the Summons and Amended**

3   **Complaint must return the signed waiver forms to the United States Marshal, not the**

4   **Plaintiff.**

5   (11)  Defendant must answer the Amended Complaint or otherwise respond by

6   appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

7   the Federal Rules of Civil Procedure.

8   (12) Any answer or responsive pleading must state the specific Defendant by name

9   on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other

10   motion or paper that does not identify the specific Defendant by name on whose behalf it is

11   filed.

12   (13) This matter is referred to Magistrate Virginia A. Mathis pursuant to Local Rules

13   of Civil Procedure 72.1 and 72.2 for further proceedings.

14   DATED this 18th day of July, 2006.

15

16

17   _____

18   Mary H. Murguia
     United States District Judge

19

20

21

22

23

24

25

26

27

28