**WO**                                                                                           BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samih Fadl Jamal, | ) No. CV 06-0130-PHX-MHM (VAM) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph M. Arpaio, et al., | ) |
| Defendants. | ) |

Plaintiff Samih Fadl Jamal, a *pro se* inmate, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss Defendant Maricopa County and Count IV, and order Defendants Joseph M. Arpaio, Captain Tate, Captain Capellini, Captain S. Clifton, Sergeant Duch, Sergeant Hutchingo, Officer Miller, Officer Tackett, and Lieutenant Wilder to answer the remaining claims in Plaintiff's Second Amended Complaint.

**I. Background**

After Plaintiff filed his initial Complaint, he filed an Amended Complaint in what appeared to be an attempt to supplement his Complaint (Docs. ##1, 4). The Court provided Plaintiff an opportunity to file a Second Amended Complaint, informing him that if he failed to do so his First Amended Complaint would be screened and those claims he raised in his initial Complaint but failed to raise in his First Amended Complaint would be waived (Doc. #6). Because Plaintiff failed to file a Second Amended Complaint, the Court ordered the First Amended Complaint to be served on Defendant Joseph M. Arpaio, Captain S. Clifton, Officer Tackett, Officer Miller, Sergeant Hutchingo, Sergeant Duch, and Lieutenant Wilder (Doc. #11).

Soon thereafter, Plaintiff filed a Motion to File a Second Amended Complaint, which the Court granted (Docs. ##15, 23). Defendants then moved to dismissed Plaintiff's Complaint for failure to exhaust (Doc. #34). Plaintiff subsequently lodged his proposed Second Amended Complaint, and Defendants notified the Court that their Motion to Dismiss was mooted by Plaintiff's Second Amended Complaint (Docs. ## 27, 28). Thus, the Court will order the Clerk of Court to file the proposed Second Amended Complaint as a Second Amended Complaint, and will deny Defendants' Motion to Dismiss as moot. The Court will also screen Plaintiff's Second Amended Complaint.

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.   Complaint

In his Second Amended Complaint, Plaintiff named as Defendants Joseph M. Arpaio, Captain Tate, Captain Capellini, Maricopa County, Captain S. Clifton, Sergeant Duch, Sergeant Hutchingo, Officer Miller, Officer Tackett, and Lieutenant Wilder. Plaintiff alleged that his constitutional rights were violated by (1) denial of his right to exercise his religion because Defendants refused to provide him a copy of the Quran (Count I), he was not permitted to participate in congregational prayer (Count II), he was denied a religious or pork free diet (Count III), he was denied his right to privacy in the showers (Count IV), and he was subjected to constant and loud Christian music (Count V); (2) deliberate indifference to his medical needs because he was denied pain treatment for a herniated disc (Count VI), and he did not receive treatment for a spider bite (Count VII); (3) an inadequate and tainted diet (VIII); (4) conditions of confinement including him being forced to sleep on the floor, the lack of blankets, overcrowded and unsanitary conditions, and no showers (Count IX);

(5) overcrowding (Count X); (6) retaliatory transfer for filing grievances (Count XII) and retaliatory placement in isolation(Count XIII); (7) denial of outside recreational activities (Count XIV); and (8) his pod being subjected to 72-hour restriction (Count XV).

**IV.     Failure to State a Claim**

**A.  Maricopa County**

Under Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 691 n. 55 (1978), "[m]unicipalities cannot be held liable under a traditional *respondeat superior* theory. Rather, they may be held liable only when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" Haugen v. Brosseau, 351 F.3d 372, 393 (9th Cir. 2003) (suit against both city and police department).  Plaintiff alleged that Maricopa County was liable because it established the jails and employed the defendants (Doc. #27).  However, these allegations alone do not establish municipal liability, and Plaintiff has not alleged that his constitutional rights were violated based on a policy, practice, or custom of Maricopa County.  Accordingly, Maricopa County will be dismissed without prejudice.

**B.  Privacy**

Plaintiff alleged that his right to privacy was violated.  Inmates have a "right to bodily privacy." Sepulveda v. Ramirez, 967 F.2d 1413, 1415 (9th Cir. 1992).  However, the state may restrict this right "to the extent necessary to further the correctional system's legitimate goals and policies." Grummett v. Rushen, 779 F.2d 491, 493 (9th Cir. 1985).  Of significant importance in a jail is internal security. Id.  The Plaintiff "'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" Bruce v. Ylst, 351 f.3d 1283, 1289 (9th Cir. 2003) (citations omitted).  The jail has a legitimate penological interest in the safety and security of the facility which is promoted by not allowing detainees privacy and in observing their behavior.

Additionally, to establish a free exercise violation, Plaintiff must allege that Defendants burden his religion without any justification reasonably related to legitimate penological interests. Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).  As noted

1  above, Defendants have the legitimate penological interest of promoting safety and security
2  of the facility.

3  Finally, the Religious Land Use and Institutionalized Persons Act (RLUIPA)
4  "provides, in relevant part, that '[n]o government shall impose a substantial burden on the
5  religious exercise of a person residing in or confined to an institution . . . even if the burden
6  results from a rule of general application,' *unless* the government established that the burden
7  furthers 'a compelling governmental interest,' *and* does so by 'the least restrictive means.'"
8  Warsoldier v. Woodford, 418 F.3d 989, 994 (9 Cir. 2005) (quoting 42
9  U.S.C. § 2000cc-1(a)(1)-(2)). Promoting a safety and secure facility is a compelling state
10 interest, and based on staffing issues, Defendants are doing this by the least restrict means.
11 Accordingly, Count IV, Plaintiff's claim that his right to exercise his religion was violated
12 due to the lack of privacy in the shower facility, will be dismissed without prejudice.

13 **V.    Claims for Which an Answer Will be Required**

14 At this early stage, Plaintiff sufficiently alleges that Arpaio, Clifton, Duch, Hutchingo,
15 Miller, Tackett, and Wilder violated his constitutional rights as to Counts I-III, and V-XV
16 of Plaintiff's Second Amended Complaint. Accordingly, these Defendants will be ordered
17 to answer these Counts. Defendants Arpaio, Clifton, Tackett, Miller, Hutchingo, Duch and
18 Wilder already have filed Waivers of Service and received a copy of Plaintiff's Second
19 Amended Complaint. The Court will thus provide these Defendants 30 days from the date
20 of this Order in which to either file a Motion to Dismiss or an Answer. Plaintiff must
21 effectuate service on Defendants Capellini and Tate.

22 **VI.   Warnings**

23     **A.     Address Changes**

24 Plaintiff must file and serve a notice of a change of address in accordance with Rule
25 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
26 relief with a notice of change of address. Failure to comply may result in dismissal of this
27 action.

28

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Defendants' Motion to Dismiss (Doc. #24) is **denied as moot**.

(2)     The Clerk of Court shall file Plaintiff's Lodged Proposed Second Amended Complaint (Doc. #27) as a Second Amended Complaint.

(3)     Count IV and Defendant Maricopa County are **dismissed** without prejudice.

(4)     Within 30 days from the date of this Order, Defendants Arpaio, Clifton, Duch, Hutchingo, Miller, Tackett, and Wilder must either answer Counts I-III and V-XV of Plaintiff's Second Amended Complaint or file a Motion to Dismiss.

(5)     The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Capellini and Tate.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

1 action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv
2 16.2(b)(2)(B)(i).

3     (8)    The United States Marshal must retain the Summons, a copy of the Complaint,
4 and a copy of this Order for future use.

5     (9)    The United States Marshal must notify Defendants of the commencement of
6 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
7 Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The
8 Marshal must immediately file requests for waivers that were returned as undeliverable and
9 waivers of service of the summons.  If a waiver of service of summons is not returned by a
10 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
11 Marshal must:

12     (a)   personally serve copies of the Summons, Complaint, and this Order upon
13 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

14     (b)   within 10 days after personal service is effected, file the return of service
15 for Defendant, along with evidence of the attempt to secure a waiver of service of the
16 summons and of the costs subsequently incurred in effecting service upon Defendant.
17 The costs of service must be enumerated on the return of service form (USM-285) and
18 must include the costs incurred by the Marshal for photocopying additional copies of
19 the Summons, Complaint, or this Order and for preparing new process receipt and
20 return forms (USM-285), if required. Costs of service will be taxed against the
21 personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of
22 Civil Procedure, unless otherwise ordered by the Court.

23     (10)   **A Defendant who agrees to waive service of the Summons and Complaint**
24 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

25     (11)   Defendant must answer the Complaint or otherwise respond by appropriate
26 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
27 Rules of Civil Procedure.

28

1       (12)    Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

DATED this 27th day of February, 2007.

_____
Mary H. Murguia
United States District Judge